# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 14, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EDWARD G. SMITH,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0825**  (BOR Appeal No. 2048201)
(Claim No. 2012018344)

**DAN RIVER RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edward G. Smith, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dan River Resources, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2013, in which the Board affirmed a March 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 27, 2011, decision denying Mr. Smith's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith worked as scoop operator for Dan River Resources. He alleges that on November 23, 2011, he was helping other workers connect an old belt to a new belt when he injured his back. He stated that he immediately felt pain in his lower back after the injury. Mr. Smith was seen at Boone Memorial Hospital on November 23, 2011, and diagnosed with a lumbar strain. On November 29, 2011, Mr. Smith was seen at Logan Regional Medical Center

1

by Mark Bezzek, M.D., and diagnosed with lumbosacral sprain, back pain with sciatica, and myofascial lumbar strain. Mr. Smith filed an application for workers' compensation benefits. The claims administrator rejected Mr. Smith's application for workers' compensation benefits and found the disability complained of was not due to an injury or disease received in the course of and resulting from his employment.

The Office of Judges affirmed the claims administrator's decision and held Mr. Smith has failed to show by a preponderance of the evidence that he sustained an injury in the course of and as a result of his employment. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Smith disagrees and asserts he suffered a work injury and went to the hospital where a report of injury form was completed that indicated he suffered an injury in the course of and resulting from his employment. Mr. Smith further argues that having previous injuries to the same body part in the past or even three days before the work injury does not disqualify him from being able to report an injury that he did suffer on the job. Dan River Resources maintains that Mr. Smith has incorrectly stated that his burden of proof is low and instead Mr. Smith must establish by a preponderance of the reliable, probative, and credible evidence that he sustained an injury in the course of and resulting from his employment. Dan River Resources further maintains that the Office of Judges correctly found the only evidence that supports Mr. Smith sustained a work-related injury is his own testimony. It asserts that the mine foreman, Okey Cook, and the dispatcher, Mike Wooten, both testified that Mr. Smith did not inform them of a work injury.

The Office of Judges considered the testimonies of James Clark, Edward Berry, Mr. Cook, Mr. Wooten, and Mr. Smith. The Office of Judges found that Mr. Smith's testimony was directly contradicted on several points by the other testimonies. First, Mr. Smith testified that he told Mr. Cook, Mr. Wooten, and the workers inside the mine that he injured his back before leaving work on November 23, 2011. However, Mr. Clark, Mr. Berry, Mr. Wooten, and Mr. Cook all testified that they had no knowledge that Mr. Smith sustained a work injury. In addition, Mr. Wooten and Mr. Cook also testified that Mr. Smith left work complaining of blood in his urine and probable kidney stones. Mr. Smith denied having any problems with his urine or kidneys. Mr. Smith implied that the employees denied any knowledge of his injury because they were afraid of being fired. However, Mr. Clark, Mr. Berry, and Mr. Cook all testified that they were no longer working for Unique Contracting or Dan River Resources at the time of their depositions. The Office of Judges found that Mr. Smith's suggestion that these men lied under oath for fear of being terminated was not very persuasive.

The Office of Judges further looked to the November 23, 2011, report from Boone Memorial Hospital that noted Mr. Smith injured his back at work while putting up a belt structure. Steven Reeve, D.O., read the x-ray and CT scan of the lumbar spine as showing no evidence of an acute injury. At Boone Memorial Hospital, Mr. Smith was diagnosed with a lumbar strain. The Office of Judges also considered Logan Regional Medical Center's report completed by Dr. Bezzek. Dr. Bezzek saw Mr. Smith on November 29, 2011, and noted the complaints were of low back and leg pain that suddenly began three days ago. Dr. Bezzek further noted that Mr. Smith reported that his back problem was "sustained at home" and was a result of

a "chronic condition of degenerative joint disease." Dr. Bezzek also stated Mr. Smith reported experiencing similar episodes in the past.

The Office of Judges found that the testimonies of Mr. Cook, Mr. Wooten, Mr. Clark, and Mr. Berry were all consistent and collectively outweighed Mr. Smith's testimony that he sustained a work injury on November 23, 2011, and medical evidence exists that found Mr. Smith's back problems were the result of a chronic, non-compensable condition. Futhermore, x-rays and CT scan taken on November 23, 2011, revealed no evidence of an acute injury to Mr. Smith's low back. The Office of Judges concluded that Mr. Smith has failed to show by a preponderance of the evidence that he sustained an injury in the course of and as a result of his employment.

This Court agrees with the Office of Judges and Board of Review. Mr. Smith's testimony is contradicted by the testimonies of Mr. Cook, Mr. Wooten, Mr. Clark and Mr. Berry. None of these employees knew Mr. Smith sustained a work injury on November 23, 2011, or were told by Mr. Smith of a work injury. Mr. Clark and Mr. Wooten testified that Mr. Smith stated that he was going to the hospital because he had blood in his urine and possibly kidney stones. Furthermore, the diagnostic tests done on November 23, 2011, did not reveal any evidence of any acute injury to the lumbar spine. Dr. Bezzek noted in his report that Mr. Smith reported the injury occurred at home and was a result of a chronic degenerative disc condition. The evidence does not support a showing that Mr. Smith sustained an injury in the course of and as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II